**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Edward Jesus Jimenez a/k/a Eduar J Jimenez Jiron,<br><br>     *Plaintiff*,<br><br>   - *vs.* -<br><br>Willie's Pizzeria & Restaurant Inc. d/b/a Marinara Pizzeria & Restaurant, Mario Lombardo, Pino Pavano and Thomas Burter,<br><br>     *Defendants*. | DOCKET NO. 2:25-cv-00676<br><br><br>**COMPLAINT** |

Plaintiff Edward Jesus Jimenez a/k/a Eduar J Jimenez Jiron, by and through his undersigned attorneys, for his complaint against defendants Willie's Pizzeria & Restaurant Inc. d/b/a Marinara Pizzeria & Restaurant, Mario Lombardo, Pino Pavano and Thomas Burter alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Edward Jesus Jimenez a/k/a Eduar J Jimenez Jiron (hereinafter referred to as "Plaintiff"), former employer of defendants Willie's Pizzeria & Restaurant Inc. d/b/a Marinara Pizzeria & Restaurant, Mario Lombardo, Pino Pavano and Thomas Burter

2

(hereinafter collectively referred as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) unpaid wages for overtime work for which Plaintiff did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2.     Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for overtime work for which Defendants willfully failed to pay Plaintiff overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) compensation for the Defendants' violations of the "spread of hours" requirements of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (v) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.     Plaintiff Edward Jesus Jimenez a/k/a Eduar J Jimenez Jiron is an adult individual residing in Uniondale, New York.

4.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.     At all times relevant herein, defendant Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant has been a domestic business corporation organized under the law of the State of

3

New York with a registered principal place of business at 1308 Peninsula Blvd, Hewlett, NY 11557.

6.    At all times relevant herein, defendant Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9.    At all times relevant herein, defendant Mario Lombardo is/was an owner or part owner and principal of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

10.   At all times relevant herein, defendant Mario Lombardo was involved in the day-to-day operations of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, and played an active role in managing its business, including managing and

4

supervising Plaintiff.

11. At all times relevant herein, defendant Pino Pavano is/was an owner or part owner and principal of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

12. At all times relevant herein, defendant Pino Pavano was involved in the day-to-day operations of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, and played an active role in managing its business, including managing and supervising Plaintiff.

13. At all times relevant herein, defendant Thomas Burter is/was an owner or part owner and principal of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

14. At all times relevant herein, defendant Thomas Burter was involved in the day-to-day operations of Willie's Pizzeria & Restaurant, Inc. d/b/a Marinara Pizzeria & Restaurant, and played an active role in managing its business, including managing and supervising Plaintiff.

15. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.    Venue is proper in this district pursuant to  28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

18.    At all relevant times herein, defendants Willie's Pizzeria & Restaurant Inc. d/b/a Marinara Pizzeria & Restaurant, Mario Lombardo, Pino Pavano and Thomas Burter owned and operated a restaurant located at 1308 Peninsula Blvd, Hewlett, NY 11557, under the name Marinara Pizzeria & Restaurant.

19.    Plaintiff was employed by Defendants at Marinara Pizzeria & Restaurant from approximately March 2021 until February 14, 2024, as a second pizza man and with the duties at the counter.

20.    Plaintiff's work for Defendants at Marinara Pizzeria & Restaurant was performed in the normal course of Defendants' business, was integrated into their business, and did not involve executive or administrative responsibilities.

6

21.    At all relevant times herein, during his employment by Defendants at Marinara Pizzeria & Restaurant, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22.    From March 2021 to May 30, 2023, Plaintiff worked at Marinara Pizzeria & Restaurant a regular schedule of six days per week, on Tuesday, Wednesday and Thursday, from 10:00 a.m. to 10:00 p.m.; on Friday and Saturday, from 10:00 a.m. to 11:00 p.m.; and on Sunday, from 11:00 a.m. to 10:00 p.m.; with Monday day off.

23.    Consequently, from March 2021 to May 30, 2023, Plaintiff was typically working for Defendants, 73 hours per week.

24.    From June 1, 2023, to February 14, 2024, Plaintiff worked at Marinara Pizzeria & Restaurant a regular schedule of five days per week, on Wednesday and Thursday, from 10:00 a.m. to 10:00 p.m.; on Friday, from 10:00 a.m. to 11:00 p.m.; on Saturday from 10:00 a.m. to 9:00 p.m.; and on Sunday, from 11:00 a.m. to 10:00 p.m.; with Monday and Tuesday off.

25.    Consequently, from June 1, 2023, to February 14, 2024, Plaintiff was typically working for Defendants, 59 hours per week.

26.    During his employment for Defendants at Marinara Pizzeria & Restaurant, from March 2021 to May 30, 2023, Plaintiff was paid weekly, in cash at a rate of $220 per day.

27.    During his employment for Defendants at Marinara Pizzeria & Restaurant, from June 1, 2023, to February 14, 2024, Plaintiff was

paid weekly, partially in cash and partially via check, at a rate of $235 per day.

28.    During his employment for Defendants at Marinara Pizzeria & Restaurant, from March 2021 to May 30, 2023, Plaintiff received no pay stubs or wage statements.

29.    During his employment for Defendants at Marinara Pizzeria & Restaurant, from June 1, 2023, to February 14, 2024, Plaintiff received no accurate and sufficient pay stubs or wage statements.

30.    Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff overtime compensation for all of the additional hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

31.    Defendants' failure to pay Plaintiff the overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis.

32.    Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium") during his employment at Marinara Pizzeria & Restaurant.

33.    In addition, Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances

8

claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

34. During Plaintiff's employment at Marinara Pizzeria & Restaurant, Defendants failed to provide Plaintiff with accurate and sufficient weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

35. Upon information and belief, throughout Plaintiff's employment with Defendants, Defendants failed to maintain accurate and sufficient time records or provide accurate records to him.

36. Upon information and belief, throughout Plaintiff's employment with Defendants, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I
## (Fair Labor Standards Act - Overtime)

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for each of the hours he worked in excess of forty hours per workweek.

40. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate

9

of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
### (New York Labor Law - Overtime)

43. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

46. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

47. Due to the Defendants' New York Labor Law violations,

Plaintiff is entitled to recover from Ddefendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
## (NEW YORK LABOR LAW – SPREAD OF HOURS)

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

51. Defendants' failure to pay Plaintiff the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

52. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor  Law §§ 198 and 663(1).

## COUNT IV
## (New York Labor Law – Wage Theft Prevention Act)

11

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

56. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

57. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the accurate and sufficient paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

58. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

e.  An award of liquidated damages as a result of the Defendants' willful failure to pay the statutory overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

f.  Liquidated damages for the Defendants' New York Labor Law violations;

g.  Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

13

h.  Back pay;

i.  Punitive damages;

1.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.


Dated: February 6, 2025

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway - Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*

14